UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH C. ACOFF,

    Petitioner,

v.                                    Case No. 5:19cv215-MCR-HTC

MARK S. INCH,

    Respondent.
_____/

ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Joseph C. Acoff's § 2254 petition for writ of habeas corpus (ECF Doc. 1) and motion to amend (ECF Doc. 22). For the reasons set forth below, the undersigned recommends the petition be DISMISSED as untimely filed. Also, the motion to amend is denied as futile. Notably, even if the original petition were timely filed, the new claims Acoff seeks to add do not relate back to the original petition.

I. **BACKGROUND**

    A. **Charges and Conviction**

Acoff was convicted by a jury in the Fourteenth Judicial Circuit for Bay County, Florida, in case number 2012-CF-2382 for leaving the scene of a crash involving death, driving under the influence ("DUI") manslaughter, and two counts of DUI causing or contributing to serious bodily injury. ECF Doc. 15-2 at 25. He

was sentenced on May 31, 2013 to 249 months' imprisonment on Count I, 15 months on Count II, and 5 months on each of Counts IV and V.[1] The sentences ran concurrently for a total sentence of 249 months. *Id.* at 36. It is this judgment and sentence that is the heart of Acoff's federal petition here.

### B.   Postconviction History

Acoff filed a timely appeal of his judgment and conviction with the First District Court of Appeal ("First DCA"). *See* Case No.: 1D13-2712 (docketed June 7, 2013); ECF Doc. 15-2 at 68. While Acoff's direct appeal was pending, he also filed a postconviction motion under Florida Rule of Criminal Procedure 3.800 on February 17, 2014.[2] ECF Doc. 15-3 at 271. The motion raised two grounds of error. First, Acoff claimed his conviction for vehicular homicide and DUI manslaughter violated double jeopardy. ECF Doc. 15-4 at 69. Second, Acoff claimed the court erred in imposing fines and penalties without orally pronouncing them at sentencing. *Id.*

The court found in favor of Acoff on both arguments, vacated the conviction for vehicular homicide, and set a date for Acoff to be resentenced. *Id.* On April 9, 2014, after holding a new sentence hearing, the court entered an order correcting the

---

[1] The State filed a notice of *nolle prosequi* on Count III on April 16, 2014, after the judgment on that charge was vacated by the circuit court, as discussed further herein. ECF Doc. 15-4 at 104.
[2] When available, the undersigned refers herein to the date the Petitioner submitted the referenced motion to prison mail officials, rather than the docketed date. *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

original sentence by vacating the verdict, judgment and sentence on Count III for vehicular homicide and advising Acoff in open court of the cost sheet imposed at the original sentence. ECF Doc. 15-4 at 102. Except for the deletion of Count III, the terms of the original sentence remained intact. *Id.*

Acoff supplemented the record in his direct appeal with the 3.800 motion and the court's April 2014 order, and the direct appeal proceeded forward. The First DCA affirmed Acoff's conviction in a written, published opinion on November 24, 2015. *Acoff v. State*, 180 So. 3d 185, 186 (Fla. 1st DCA 2015); ECF Doc 15-5 at 171. The First DCA also denied Acoff's motion for rehearing on January 5, 2016, and issued the mandate on January 21, 2016. ECF Doc. 15-4 at 197. On February 16, 2016, Acoff filed a notice to invoke discretionary jurisdiction of the Florida Supreme Court, *id.* at 202, which was dismissed as untimely on February 19, 2016. *See* case number SC16-317; *Id.* at 207. Acoff also filed a motion for reinstatement, which the Florida Supreme Court denied on March 8, 2016. *Id.* at 213.

On June 10, 2016, Acoff filed a *pro se* Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel with the First DCA. *Id.* at 215. The First DCA denied the petition *per curiam* without written opinion on July 12, 2016 (*id.* at 230) and denied a motion for rehearing on August 30, 2016. *See* Case No.: 1D16-2732; *Id.* at 239.

On June 23, 2016, Acoff filed a *pro se* motion for postconviction relief in the circuit court under Florida Rule of Criminal Procedure 3.850. *Id.* at 254. The court

Case No. 5:19cv215-MCR-HTC

dismissed the motion as facially insufficient without prejudice to refile within sixty (60) days of July 11, 2016. ECF Doc. 15-5 at 76. On September 7, 2016, Acoff filed an amended 3.850 motion. *Id.* at 81, 124. The circuit court denied the motion by written order on February 21, 2017, *id.* at 132, and denied his motion for rehearing on March 20, 2017.[3] ECF Doc. 15-6 at 119.

Acoff appealed the circuit court's denial of the 3.850 motion to the First DCA, and the First DCA affirmed *per curiam*. *See* Case No.: 17-1298; ECF Doc. 15-6 at 169. The First DCA also denied rehearing (ECF Doc. 15-6 at 177) and issued its mandate on May 24, 2018 (ECF Doc. 15-6 at 179).

### C.   Unsuccessful Motion / Petition for a Belated Appeal

On or about January 22, 2019, Acoff filed a motion in the circuit court for a belated appeal of the April 9, 2014, order correcting his sentence. *See id.* at 204. The circuit court dismissed the belated appeal on January 30, 2019, and instructed Acoff he must petition the First DCA for such relief. *Id.* at 204.

As instructed, on February 14, 2019, Acoff filed a petition for a belated appeal of the April 9, 2014 order correcting sentence in First DCA. *See* Case Number 1D19-765; *Id.* at 199. Acoff explained in the motion that his counsel did not tell him

---

[3] Also, on August 10, 2016, Acoff filed a motion to disqualify the circuit court judge, ECF Doc. 15-6 at 130, which the judge denied on August 17, 2016. *Id.* at 139. The judge denied rehearing on September 8, 2016, *id.* at 146, and Acoff filed a "Notice to Invoke Discretionary Jurisdiction of First District Court of Appeals" on September 16, 2016. *See* Case No.: 1D16-4255; *Id.* at 181. The First DCA dismissed the case on November 29, 2016 for Acoff's failure to properly respond to First DCA orders. *Id.* at 197. Because the motion and appeal were pending at the same time as the 3.850 motion, they do not affect the timeliness analysis under 28 U.S.C. § 2244(d).

Case No. 5:19cv215-MCR-HTC

he had a right to appeal the circuit court's order. ECF Doc. 15-6 at 200. The First DCA denied the petition for belated appeal on April 11, 2019 (*id.* at 207) and denied rehearing on June 18, 2019. *Id.* at 215.

### D. Proceedings in Federal Court

Acoff filed the original federal petition on June 5, 2019, raising a single claim for relief - that the trial court erred in finding that the state offered sufficient competent substantial evidence to allow introduction of his admissions concerning whether he was the driver of the vehicle in question. ECF Doc. 1 at 4. The Secretary filed a response, arguing Acoff failed to exhaust this ground as a federal claim in the state courts, ECF Doc. 15 at 10, and, even if exhausted, the state court's legal conclusions were not contrary to or an unreasonable application of clearly established federal law. *Id.* at 21-23.

Acoff filed a reply, ECF Doc. 23, arguing he did raise this claim as a federal constitutional claim in state court. *Id.* at 2-3. He also argued the evidence at trial was "scant and insubstantial circumstantial evidence" and did not establish the "corpus delicti by substantial evidence." *Id.* at 10.

Acoff also filed a motion to file an amended petition, ECF Doc. 21, and attached a proposed amended petition, ECF Doc. 22. The proposed amended petition sought to correct a typographical error as to the only ground raised in the petition and to add two (2) new grounds of relief. The Secretary opposed the motion to amend. ECF Doc. 25.

In considering the motion to amend, the undersigned determined the original petition was not timely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") because a petition for belated appeal, which is denied, does not toll the AEDPA one-year statute of limitations period. ECF Doc. 27. Because both parties assumed the petition for belated appeal had tolled the AEDPA period, the Court directed both parties to supplement their filings solely to address the timeliness of the original petition, which the parties did. ECF Docs. 27, 28, and 29.

## II. THE PETITION IS UNTIMELY

Under the AEDPA, a § 2254 petition must be filed within one year of certain "trigger dates." 28 U.S.C. 2244(d)(1). Here, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Additionally, the limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

Acoff's judgment became final on June 6, 2016, ninety (90) days after the Florida Supreme Court issued its order denying reinstatement.[4] The clock ran for

---

[4] The Secretary states the judgment became final on February 22, 2016, ninety (90) days after the First DCA issued its opinion on direct appeal and was tolled until the Florida Supreme Court denied the motion for reinstatement. This is not technically correct. In *Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 757-58 (11th Cir. 2017), the Eleventh Circuit stated that, "Under the Supreme Court's rules, the 90-day period for filing a petition for certiorari begins to run from the

Case No. 5:19cv215-MCR-HTC

three (3) days until June 10, 2016, when Acoff filed his state habeas petition. The clock was tolled until May 24, 2018, when the First DCA issued its mandate affirming the circuit court's denial of Acoff's 3.850 motion. The AEDPA clock began running again on May 25, 2018. Since only three (3) days had elapsed on the AEDPA clock (leaving 362 days), for Acoff's federal petition to be timely it must have been filed by May 22, 2019, unless the clock was tolled by a properly filed and pending post-conviction motion.

The only potentially pending post-conviction motion which *could have* tolled the AEDPA clock after May 25, 2018, is the petition for belated appeal. In *Espinosa v. Secretary, FDOC*, 804 F. 3d 1337 (11th Cir. 2015)*,* however*,* the Eleventh Circuit "held that a petition for a belated appeal of a 3.850 motion ***does not*** qualify as an application for collateral review because, under Florida law, it 'does not reach the merits of the anticipated appeal or the validity of the order to be appealed.'" *Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1304 (11th Cir. 2016) (emphasis added) (applying *Espinosa* to a petition for belated direct appeal because the petition did not invite "a judicial reexamination of judgment tor claim," but, instead "if successful, only revises a petitioner's right to prosecute a direct appeal").

---

date of entry of the judgment; and in the event a timely petition for rehearing is filed and denied, the period begins to run from the date of the denial. Sup. Ct. R. 13.3." Thus, the 90-day period would ordinarily run from the time the First DCA denied Acoff's motion for rehearing. However, because the First DCA issued a written opinion *and* Acoff sought to invoke the Florida Supreme Court's discretionary review, the 90-day period does not run until the Florida Supreme Court decides whether to accept review. *See Tolbert v. Fla.*, 796 F. App'x 704, 705 (11th Cir. 2002); *Dailey v. Crews*, No. 3:13CV148-WS/EMT, 2014 WL 2158428, at *4 (N.D. Fla. May 23, 2014).

Case No. 5:19cv215-MCR-HTC

Because the petition for belated appeal did not toll the AEDPA limitations period, the AEDPA time limit expired on May 22, 2019. Petitioner's federal petition, filed on June 5, 2019, was thus untimely filed.

## III. WAIVER

Acoff does not dispute the petition is untimely. ECF Doc. 28 at 2-3. Instead, Acoff argues Respondent waived the timeliness defense. The undersigned disagrees.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *Kontrick v. Ryan,* 540 U.S. 443, 458, n. 13 (2004) (quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)). Here, the Respondent was neither aware of the defense nor expressed an intent to abandon it. *See Wood v. Milyard*, 566 U.S. 463, 472-73 (2012). Instead, Respondent mistakenly believed "Petitioner's limitations period re-commenced running [on May 25, 2018], and continued to do so until February 14, 2019 (i.e., for 266 days), when he filed his petition for belated appeal in the 1st DCA, requesting the court to review the trial court's March 28, 2014 ruling regarding his motion to correct sentencing error." ECF Doc. 15 at 8.

Acoff's case is strikingly similar to the petitioner's case in *Day v. McDonough*, 547 U.S. 198, 204 (2006) where the Supreme Court upheld a district court's *sua sponte* application of a timeliness bar to dismiss a petition. In *Day*, the respondent conceded timeliness, stating, "Based on these events, Respondent agrees the petition is timely; filed after 352 days of untolled time." *Id.* at 201. However, the respondent in *Day*, as in Acoff's case, had missed a legal argument that made

the petition untimely. In *Day* it was the Eleventh Circuit's *Coates* case;[5] in Acoff's case, it was the *Espinosa* opinion.

In *Day*, the U.S. Supreme Court affirmed the *sua sponte* consideration of the timeliness issue by the district court because "the Magistrate Judge, instead of acting *sua sponte,* might simply have informed the State of its obvious computation error and entertained an amendment to the State's answer" under Rule 15 of the Rules of Civil Procedure. *Day*, 547 U.S. at 208–09. Also, the Supreme Court noted that "if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge." *Id.* at 210. Finally, the *Day* Court found that "[f]rom all that appears in the record, there was merely an inadvertent error, a miscalculation that was plain under Circuit precedent, and no abuse of discretion in following this Court's lead in *Granberry* and *Caspari,* described *supra,* at 1682." *Id.*

Acoff relies on *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966–67 (11th Cir. 2016) to support his waiver argument. The undersigned finds *Vasquez* to be distinguishable. Notably, the Eleventh Circuit found "the state's understanding of the law relating to the exhaustion requirement led to the conclusion that, correctly or not, pursuing the exhaustion defense would be without merit." Thus, the *Vasquez*

---

[5] *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) (holding that "the time during which a petition for writ of certiorari is pending, or could have been filed, following denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1)")

Case No. 5:19cv215-MCR-HTC

court concluded "the state was aware of the exhaustion arguments and communicated to the court its intention not to pursue them." *Id.* at 964-67. In reaching its holding, the court relied on the Supreme Court's decision in *Wood v. Milyard*, 566 U.S. 463, 465 (2012), where the Court found the State had waived a defense because "the State knew it had an 'arguable' statute of limitations defense," but chose not to pursue it.

The Respondent here, however, has expressed no such intention. In other words, unlike the facts in *Vasquez* and *Wood,* the Respondent did not acknowledge the application of *Espinosa* and reject it. Instead, like the respondent in *Day,* Respondent mistakenly concluded the petition was timely. The Respondent did not acknowledge an "arguable" defense and intentionally waive it. The Respondent did not "deliberately steer[] the District Court away from the question and towards the merits." *Id.* (quoting *Wood*, 566 U.S. at 4747). Indeed, Respondent stated in the response that "Respondent does not concede or waive exhaustion as to any and all claims presented and assert[s] all procedural bars and defenses available to him." ECF Doc. 15 at 1. The Respondent did not waive the timeliness defense, and the petition should be dismissed as untimely filed.

Moreover, in *In re Jackson*, 826 F.3d 1343, 1348 (11th Cir. 2016), relying on *Day,* the Eleventh Circuit stated that "Once a court has provided the parties with fair notice and an opportunity to argue their positions, the 'inquiry' is 'case-specific' and courts can raise a time bar *sua sponte* only if 'the interests of justice would be better

Case No. 5:19cv215-MCR-HTC

served … by dismissing the petition as time barred.'"  As discussed below, the undersigned finds that the interest of justice would be better served by dismissing the petition because the petition also fails on its merits.

## IV. EVEN IF CONSIDERED ON THE MERITS, GROUND ONE DOES NOT ENTITLE PETITIONER TO FEDERAL HABEAS RELIEF[6]

As stated above, in the original petition Acoff argues "the State did not show that Petitioner was driving the vehicle that caused the accident, which is necessary to lay a proper foundation for the introduction of Petitioner's statements and admissions that he was driving."  ECF Doc. 22 at 6.  Acoff raised a similar claim on direct appeal and the First DCA denied relief in a written opinion, ECF Doc. 15 at 20 (citing *Acoff v. State*, 180 So. 3d 185 (Fla. 1st DCA 2015)).

Where a claim was adjudicated on the merits in state court, habeas relief under § 2254 is precluded unless the state court's adjudication of the claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C.

---

[6] Respondent argues Ground One is defaulted and unexhausted because, while Acoff raised a similar claim in state court, he did not present the claim as one based on federal law.  Ultimately, neither the exhaustion-of-state-remedies doctrine nor the procedural default doctrine is jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), so a federal habeas court may sidestep such matters if a claim is due to be denied on the merits in any event. *See* 28 U.S.C. § 2254(b)(2); *Smith v. Crosby*, 159 F. App'x 76, 79 n.1 (11th Cir. 2005) .  The undersigned has done so here for the purposes of judicial economy.

Case No. 5:19cv215-MCR-HTC

§ 2254(d)(2). Further, factual determinations by state courts are presumed correct, subject to being rebutted only upon a showing by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Supreme Court has stated that "[a] state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

In his direct appeal, Acoff argued the State did not establish the *corpus delicti* for the offenses and, therefore, could not introduce and rely on statements he made admitting he was the driver of the vehicle that caused the crash. "He specifically argued that under Florida law, the State was required to bring forth independent evidence that he was driving the offending vehicle." *Acoff*, 180 So. 3d at 186. The First DCA rejected this argument, finding that there was sufficient evidence to support the admission.

The undersigned agrees with the First DCA that the State had met its burden of corroborating these admissions because there was additional circumstantial evidence sufficient to identify Acoff as the driver of the SUV without reference to his admissions. Specifically, Acoff was present in the vicinity of the crash shortly after it occurred; he appeared intoxicated; he told the cab driver he had run his car off the road; the only car police found in the area was an SUV with front-end damage and transfer paint on it matching the color of the vehicle that was hit; the SUV was found a short walking distance from the Hampton Inn Acoff went to asking for a

Case No. 5:19cv215-MCR-HTC

cab; the owner of the SUV was Acoff's fiancée; they lived together; she was out of town when the crash occurred; the key to their apartment was left in the abandoned SUV; and Acoff was found sitting outside the apartment, apparently unable to get in. *Id.* at 188–89.

Accordingly, even if this ground were considered on the merits, it does not entitle Acoff to federal habeas relief.

## V. THE MOTION FOR LEAVE TO FILE AN AMENDED PETITION SHOULD BE DENIED

Likewise, even if the original petition were considered timely, the motion to amend the petition to add two (2) new grounds should be denied as futile. The new grounds do not relate back to the original petition and Petitioner is not entitled to equitable tolling.

### A. Proposed Grounds Two and Three in the Proposed Amended Petition Do Not Relate Back to the Original Petition

Acoff's request to amend the § 2254 Petition is governed by Rule 15 of the Federal Rules of Civil Procedure. Leave to amend is to be freely given when justice so requires; however, leave to amend may properly be denied on grounds such as undue delay or futility. *See, e.g., Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246 (11th Cir. 2015) ("a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment") (citation omitted); *Tejera v. McCollum*, 2008 WL 4194882, at *3 (S.D. Fla. Sept.

12, 2008) (denying motion to amend because "permitting an amendment would be futile because it is untimely").

Acoff filed the motion to amend on August 17, 2020, well past the AEDPA one-year limitations period. Thus, the two new proposed grounds are untimely unless they relate back to the one ground in the original petition. For the claims to relate back, they must "arise out of the same 'conduct, transaction, or occurrence'" as the claim in the original petition. *Mayle v. Felix*, 545 U.S. 644, 648 (2005) (quoting Fed. Rule Civ. Proc. 15(c)(2)). For a "claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

As discussed above, Acoff argued in the original petition that the trial court erred in allowing introduction of his confession without corroborating evidence. In the new claims, Acoff argues counsel was ineffective for misadvising Acoff regarding a plea offer and about not testifying. The new claims do not arise out of the same conduct, occurrence or transaction as that at issue in the original petition. Indeed, the claims relate to different types of error as well as different stages of the case. The facts supporting the new claims are entirely different from the facts supporting the original petition. Thus, the proposed claims do not relate back, are untimely, and the amendment should be denied as futile.

### B.  Acoff Is Not Entitled to Equitable Tolling

Acoff argues, alternatively, that he is entitled to equitable tolling because "Petitioner has been pursuing his rights diligently since his judgment and sentence were affirmed on direct appeal" and "[e]xtraordinary circumstances from May 24, 2018 until presently have prevented the timely filing of the new claims." ECF Doc. 21 at 4-6.

A habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is the petitioner's burden to establish such diligence and extraordinary circumstances. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir.2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.").

Acoff must show that extraordinary circumstances existed and establish a "causal connection" between the circumstances and the untimely filing of the motion to amend. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.").

Acoff cannot do so in this case. His untimely claims cannot be attributed to the absence of a law library at the Wakulla Work Camp or his alleged inability to access his legal papers there because he was only housed there until late August of 2018 (ECF Doc. 21 at 5) and had until June 10, 2019 (over nine additional months) to file his claims before his limitations period expired. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment.").

Acoff's reliance on delayed access to the law library at Everglades is equally unavailing. Petitioner arrived at Everglades C.I. on September 5, 2018 (ECF Doc. 21 at 5) and beginning January of 2019 he had the assistance of a law clerk for five months (i.e., from January 2019 to May 31, 2019). *Id.* at 6. Therefore, he had ample opportunity to include these claims when he filed his original petition on June 5, 2019. Indeed, Petitioner does not explain why these impediments prevented him from adding the new claims while not preventing him from filing the original petition.

Moreover, the factual basis for the ineffectiveness of counsel claims Acoff seeks to raise were known to him long before the expiration of his one-year limitations period. Acoff asserted one of his proposed ineffective assistance of counsel claims in his rule 3.850 motion. Since Acoff had already articulated this argument previously, the later impediments he described are less likely to have actually impeded his ability to raise these claims in a timely manner. *See Bland v.*

Case No. 5:19cv215-MCR-HTC

*State*, 2015 WL 10384133 at 4 (N.D. Ala. Aug. 5, 2015), *report and recommendation adopted*, 2016 WL 808103 (N.D. Ala. Mar. 2, 2016) (finding no causal connection between restrictive prison conditions and his inability to timely file federal habeas petition where the record indicated that ". . . in addition to being able to file the instant federal habeas petition, Bland also filed at least four applications for postconviction relief Rule 32 and pursued at least two appeals in the Alabama courts in the years since his conviction became final.").

Finally, Acoff's alleged illiteracy is not grounds for equitable tolling under Eleventh Circuit precedent, especially in view of the fact that he had the assistance of a law clerk at Everglades C.I. for five (5) months prior to filing his original petition. *Lee Peterson v. Sec'y, Dep't of Corr.*, 2012 WL 12929728 at 1 (M.D. Fla. June 26, 2012) (". . . Petitioner's lack of education, ability to read, and pro se status are not considered extraordinary circumstances that would excuse an untimely federal habeas petition.") (citing *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Joubert v. McNeil*, 2010 WL 451102 at 5 (S.D. Fla. Feb. 8, 2010)).

For these reasons, Acoff is not entitled to equitable tolling.

## VI. CONCLUSION

For the reasons stated above, the undersigned finds that Acoff is not entitled to habeas relief and recommends the petition be DENIED.

### A.   Evidentiary Hearing

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Petitioner has not met the burden to establish the need for a federal evidentiary hearing. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011), *cert. denied*, 565 U.S. 1120 (2012). The pertinent facts are fully developed in the record or the record otherwise precludes habeas relief; therefore, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

### B.   Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The Motion for Leave to Amend Petition for Writ of Habeas Corpus, ECF Doc. 21, is DENIED as futile, and the clerk is directed to note on the docket sheet that the amended petition at ECF Doc. 22 has not been accepted.

Additionally, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Acoff*, 2012 CF 2382, in the Bay County Circuit Court, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this day 30th of November, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.