UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH C. ACOFF,

    Petitioner,

v.                                              CASE NO. 5:19cv215-MCR-HTC

RICKY DIXON,

    Respondent.
_____/

ORDER AND REPORT AND RECOMMENDATION

This cause is before the Court on remand from the Eleventh Circuit "for a factual determination as to when Joseph C. Acoff first delivered his *pro se* notice of appeal to prison authorities for mailing," ECF Doc. 46, and the District Judge's referral to the undersigned, ECF Doc. 47, for a report and recommendation. After reviewing the evidentiary submissions of the Respondent, ECF Docs. 50, 59 and 61, and that of Petitioner, ECF Doc. 53, the undersigned finds Petitioner submitted his notice of appeal to prison mail officials on August 2, 2021.

As set forth in the referral, the notice of appeal bears a signature date of July 30, 2021, and a statement by Acoff that he placed the notice in the hands of prison mail officials at Everglades Correctional Institution ("Everglades CI") on that date. ECF Doc. 39 at 1. However, the notice and envelope bear an institutional mail stamp

indicating the notice was not received by Everglades CI mail officials until August 2, 2021. *Id.* at 2.

The date of mailing is important because under the prisoner mailbox rule, a document is deemed "filed" the date it is place in the hands of prison mail officials. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Boatman v. Berreto*, 938 F.3d 1275, 1276 (11th Cir. 2019). In this case, if that date was August 2, 2021, then Acoff's notice of appeal is untimely, as it would have been filed more than thirty (30) days after the Court's Judgment. *See* Fed. R. App. P. 4(a)(1)(A) (a notice of appeal must be filed with the district clerk within 30 days after entry of the judgment or order appealed).

Because the burden falls on prison authorities to prove the date a prisoner delivered his documents to be mailed, *Washington v. United* States, 243 F.3d 1299, 1301 (11th Cir. 2001), the undersigned ordered the Secretary to submit evidence regarding Everglades CI's legal mail procedures and the date on which Acoff's notice of appeal was handed to prison mail officials. ECF Doc. 48. The Secretary filed his response on December 27, 2021, ECF Doc. 50. The Secretary submitted a Declaration from Mercedes Benedit, a General Service Specialist at Everglades CI who supervises the mailroom operations. ECF Doc. 50-1 at ¶ 2. According to Benedit, inmates present all outgoing legal mail to the mailroom staff during legal mail call. *Id.* at ¶ 4. The inmates must wait in the prison legal mail line to provide

their outgoing legal mail to the mailroom staff member, who then stamps and initials the inmate's legal document(s) in the presence of the inmate on the same date the legal document is taken by the mailroom staff for processing.  *Id.*

The Secretary also provided a Declaration from Juan Pompa-Reyes, a Mailroom Stores Consultant at Everglades CI, whose duties include stamping legal documents provided by inmates for mailing.  ECF Doc. 50-2 at ¶ 2.  Pompa-Reyes is the mail room employee who received and stamped Acoff's notice of appeal and signed the "received" stamps on the notice and the envelope.  *Id.* at ¶ 3; ECF Doc. 50-1 at ¶ 5.  According to Pompa-Reyes, he received the notice of appeal from Acoff for stamping and mailing on August 2, 2021.  ECF Doc. 50-2 at ¶ 3.

After receiving the Secretary's response, the Court gave Acoff until January 26, 2022, to file a reply to the Secretary's response, ECF Doc. 51.  When no reply had been received by February 1, 2022, the Court entered a Report and Recommendation, recommending the Court find Acoff submitted his notice of appeal to prison mail officials at Everglades CI on August 2, 2021.  ECF Doc. 52.

Ten (10) days later, however, the Court received a Reply from Petitioner, ECF Doc. 53, which bore a timestamp showing he had delivered it to prison mail officials on January 24, 2022.[1]  *Id.* at 1.  In the Reply, Petitioner admitted he handed the

---

[1] Despite the institutional date stamp of January 24, 2022, on the body of the Reply, the envelop in which the Reply was submitted contained an institutional date stamp of February 7, 2022.  The Court did not receive the reply until February 11, 2022.

Notice of Appeal to prison officials on August 2, 2022, but contended he was in line to give the notice to prison officials on July 30, 2021, which was a Friday, when "all inmates were sent back to the dorm for security reasons, leaving the Petitioner to have to wait until the following Monday, August 2, 2021, to mail his Notice of Appeal." *Id.*

Given Acoff's Reply, the undersigned vacated the February 1, 2022 Report and Recommendation and directed the Secretary to file a sur-reply addressing Acoff's contention regarding the events that occurred on July 30, 2021. ECF Doc. 54. On March 15, 2022, Respondent filed a sur-reply, with supporting affidavit from Scott Siegler, the Assistant Warden of Programs at Everglades CI. ECF Doc. 59. In the sur-reply, the Secretary represented that based on a review of the security logs for *July 31, 2021*, there was no security event that occurred on that date that would have prevented Acoff from handing the notice of appeal to prison mail officials. *Id.*

Because the Secretary failed to address the date of July 30, 2021, the Court set the matter for a telephonic evidentiary hearing. ECF Doc. 60. Within days of the order setting hearing, the Secretary submitted an amended sur-reply clarifying that there was a typographical error in its initial sur-reply. Namely, references to the date of July 31, 2021, in the sur-reply and the supporting affidavit should have been to July 30, 2021. ECF Doc. 61. In other words, the Secretary confirmed there was

no security event on July 30, that would have prevented Acoff from submitting the notice of appeal to prison mail officials. ECF Doc. 61-1 at 1-2.

Given the evidence submitted by the Secretary, the undersigned finds there was no security event which occurred on July 30, 2021, that prevented Acoff from submitting a notice of appeal to prison mail officials. **Regardless**, even if there was, that fact would not matter. The prison mailbox rule applies *only* to the date a prisoner places mail in the hands of prison mail officials. It is undisputed Acoff did not hand the notice of appeal to prison mail officials until August 2, 2021.

Acoff's alleged inability to place the notice in the hands of prison mail officials on July 30 does not alter the prison mailbox rule and does not make his notice timely filed. *Adams v. United States,* 173 F.3d 1339 (11th Cir.1999) (declining to extend mailbox rule to date § 2255 motion was given to prison officials for photocopying); *United States v. Bell*, 203 F. Supp. 2d 1287 (S.D. Ala. 2002) (declining to extend mailbox rule to date prisoner gave § 2255 motion to prison counselor).

Instead, what Acoff should have done was filed a motion in this court to extend time the time for him to file a notice of appeal. *See Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017) (per curiam) (stating that the "option[ ] for extending the time to file an appeal require[s] a 'motion' in which the losing party asks the district court for more time") (citing *Bowels v. Russell*, 551 U.S. 205, 214 (2007)

("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and the "Court has no authority to create equitable exceptions").

Acoff, however, did not file a motion for extension of time to file his notice of appeal and his time for doing so has passed.  *See* Fed. R. App. P. 4(a)(5) (stating that the "district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.").

Given the undersigned's findings of fact as set forth in this Report and Recommendation, it is ORDERED, that the April 1, 2022, evidentiary is hereby CANCELLED.

It is respectfully RECOMMENDED that the Court adopt these findings of fact and find that Acoff delivered his Notice of Appeal to prison mail authorities for mailing on August 2, 2021.

At Pensacola, Florida, this 24th day of March, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.